**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of Property Management Associates and East Marlboro Associates, 1299 Zurich Way Schaumburg, Illinois 60196 | : : : : : : : : | CIVIL ACTION  NO. _____ |
| Plaintiff | : : | **JURY TRIAL DEMANDED** |
| v. | : : : | |
| WM. P. MCGOVERN INC., Doing business as McGovern Waste Disposal & Septic Removal and McGovern Environmental 920 S. Bolmar Street, West Chester, Pennsylvania, 19385 | : : : : : : : : | |
| And | : : | |
| MCGOVERN ENVIRONMENTAL, LLC, doing business as McGovern Environmental 920 S. Bolmar Street, West Chester, Pennsylvania 19385 | : : : : : : | |
| Defendants. | | |

## COMPLAINT

NOW COMES the above-named Plaintiff, by and through undersigned counsel, and for its Complaint sets forth its causes of action against the above-named Defendant, and alleges and shows to the Court as follows:

## PARTIES

1.    Plaintiff, Zurich American Insurance Company ("Plaintiff ZAIC"), as subrogee of Property Management Associates, is, and at all times was, a New York corporation engaged in the

1

insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized, now and at all relevant times, to transact business, including issuing insurance, and has transacted business in Pennsylvania.

2.     At all times relevant hereto, via a policy of insurance, Plaintiff insured the property of Property Management Associates and East Marlboro Associates (collectively "Plaintiff's Insured") located at 823–883 E. Baltimore Pike, Kennett Square, Pennsylvania, 19348 against loss and damages as a result of fire and other casualty events including, but not limited to, damage to real and personal property, equipment, and related losses, costs and expenses, incurred as a result of fire and other casualty events, including all aforesaid losses and damages as a result of the fire which forms the basis of this action.

3.     Defendant Wm. P. McGovern Inc. doing business as McGovern Waste Disposal & Septic Removal and McGovern Environmental ("Defendant Wm. McGovern"), is, and at all times was, a company organized and existing under the laws of the Commonwealth of Pennsylvania with its sole principal place of business located at 920 S. Bolmar Street, West Chester, Pennsylvania, 19385 and authorized to do business in the Commonwealth of Pennsylvania, providing waste disposal and cleaning services for both residential and commercial properties, among other things.

4.     Defendant McGovern Environmental, doing business as McGovern Environmental, ("Defendant McGovern Environmental"), is, and at all times was, a company organized and existing under the laws of the Commonwealth of Pennsylvania with its sole principal place of business located at 920 S. Bolmar Street, West Chester, Pennsylvania, 19385 and authorized to do business in the Commonwealth of Pennsylvania, providing waste disposal and cleaning services for both residential and commercial properties, among other things.

5.     Defendant Wm. McGovern and Defendant McGovern Environmental will collectively be referred to as Defendant McGovern.

6.     At all times relevant hereto, Defendant McGovern acted by and through their respective agents, servants, employees, and workmen.

## VENUE AND JURISDICTION

7.     This litigation arises out of a fire causing significant damage which occurred at 823–883 E. Baltimore Pike, Kennett Square, Pennsylvania, 19348 and relates to real and personal property damage and losses sustained by Plaintiff ZAIC's insureds covered by Plaintiff pursuant to its policy of insurance in excess of $309,000.00.

8.     The Court has personal jurisdiction over the parties, as Defendant McGovern are domiciled in Pennsylvania.

9.     Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between and amongst the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     Venue is proper in this District based on 28 U.S.C. § 1391(a), as all matters giving rise to this claim occurred within the geographical boundaries of the Eastern District of Pennsylvania.

## STATEMENT OF FACTS

11.     Plaintiff ZAIC's Insured owned the real property located at 823–883 E. Baltimore Pike, Kennett Square, Pennsylvania, 19348 ("Subject Premises").

12.     The Subject Premises is an approximately 6,000-square-foot commercial outparcel building situated within a larger shopping center, containing four tenant spaces.

13.     The Red Sombrero restaurant leased and occupied one of tenant spaces at the Subject Premises ("Tenant Unit").

3

14. On or about the early morning hours of May 28, 2024, a fire occurred at the Subject Premises, beginning in the kitchen at the Tenant Unit ("Fire").

15. On or about the evening of May 27, 2024, Defendant McGovern performed waste disposal and cleaning services in the Tenant Unit, including but not limited to cleaning the grease traps and other areas in the kitchen of the Tenant Unit.

16. Materials and debris were used by Defendant McGovern during the aforementioned waste disposal and cleaning services and left on the stovetop in the kitchen of the Tenant Unit.

17. The Fire occurred as a result of the combustion of the materials and debris left errantly inside the Tenant Unit on a kitchen appliance by Defendant McGovern.

18. Plaintiff ZAIC's Insured suffered damages, losses, costs, and expenses as a result of the Fire and the ensuing flames, smoke, soot, and extinguishment water damage at the Subject Premises, which were not limited to the Tenant Unit.

19. All such aforementioned losses and damages were covered by Plaintiff ZAIC's Insured insurance policy with Plaintiff ZAIC.

20. Pursuant to the terms and conditions of its policy of insurance, Plaintiff ZAIC paid amounts in excess of $309,000.00 to or on behalf of Plaintiff ZAIC's Insured to cover for the damages, losses, costs, and expenses stemming from the Fire.

21. As a result of the aforesaid payments and pursuant to the contract of insurance and by operation of law, Plaintiff ZAIC is subrogated to the rights and remedies of Plaintiff ZAIC's Insured with respect to the damages, losses, costs, and expenses paid for by Plaintiff ZAIC.

**COUNT I – NEGLIGENCE**
**PLAINTIFF ZAIC V. DEFENDANT WM. MCGOVERN**

22. Plaintiff ZAIC incorporates by reference the paragraphs above as if fully set forth herein.

4

23. At all times relevant and material hereto, Defendant Wm. McGovern held itself out as having the requisite knowledge and expertise in waste disposal and cleaning services, including without limitation, grease cleaning services, and undertook a duty to perform said services in a safe and workmanlike manner consistent with all appropriate standards and codes.

24. Defendant Wm. McGovern owed a general duty of care to Plaintiff ZAIC's Insured while on the Subject Premises, as well as a duty of care related to its actions at the Subject Premises.

25. Defendant Wm. McGovern breached its duties of care to Plaintiff ZAIC's Insured by failing to exercise reasonable care in one or more of the following ways:

a. failing to act in a safe and prudent manner while at the Subject Premises;

b. failing to act in a safe and prudent matter so as to avoid causing the Fire;

c. failing to perform grease trap disposal and cleaning services in a safe and proper manner at the Subject Premises;

d. failing to have and utilize a proper receptacle for materials and debris;

e. failing to move and locate items in a safe and appropriate location within the Subject Premises;

f. failing to act properly regarding the care, control, and discard of materials and debris that it knew or should have known created an unreasonable risk of fire;

g. failing to establish and enforce proper fire safety measures at the Subject Premises during the waste disposal and cleaning;

h. failing to remove from the Subject Premises materials and debris that were a fire hazard;

i. failing to properly train, supervise, and oversee its agents, servants, employees, and workmen regarding the proper means and methods related to fire hazards;

j. failing to assess the risks and/or analyze the hazards of leaving materials and debris in proximity to a heat source inside the Subject Premises;

k. failing to hire agents, servants, employees, and workmen that were appropriately educated, trained, and skilled with respect to fire safety during their work at the Subject Premises;

l.  failing to train its agents, servants, employees, and workmen with respect to fire safety during their work at the Subject Premises;

m.  failing to follow the codes, standards, and practices for safe waste disposal and cleaning services at the Subject Premises; and

n.  failing to keep materials subject to ignition off of the stovetop and kitchen cooking equipment at the Subject Premises.

26.  Each of the above referenced acts or omissions, separately or in combination with others, constitutes negligence on the part of Defendant Wm. McGovern, and is the direct and proximate cause of the damages, losses, costs, and expenses suffered by Plaintiff ZAIC's Insured and covered by Plaintiff ZAIC.

27.  As a result of the payments made under the policy of insurance, Plaintiff ZAIC is subrogated to the rights and remedies of Plaintiff ZAIC's Insured with respect to the damages, losses, costs, and expenses paid for by Plaintiff ZAIC.

WHEREFORE, Plaintiff ZAIC demands judgment in its favor and against Defendant Wm. McGovern for all damages, losses, costs, and expenses suffered by Plaintiff ZAIC as subrogee of Plaintiff ZAIC's Insured, and all other interests, costs, and relief as the Court may deem proper.

**COUNT II – NEGLIGENCE**
**PLAINTIFF ZAIC V. DEFENDANT MCGOVERN ENVIRONMENTAL**

28.  Plaintiff ZAIC incorporates by reference the paragraphs above as if fully set forth herein.

29.  At all times relevant and material hereto, Defendant McGovern Environmental held itself out as having the requisite knowledge and expertise in waste disposal and cleaning services, including without limitation, grease cleaning services, and undertook a duty to perform said services in a safe and workmanlike manner consistent with all appropriate standards and codes.

6

30.     Defendant McGovern Environmental owed a general duty of care to Plaintiff ZAIC's Insured while on the Subject Premises, as well as a duty of care related to its actions at the Subject Premises.

31.     Defendant McGovern Environmental breached its duties of care to Plaintiff ZAIC's Insured by failing to exercise reasonable care in one or more of the following ways:

   a. failing to act in a safe and prudent manner while at the Subject Premises;

   b. failing to act in a safe and prudent matter so as to avoid causing the Fire;

   c. failing to perform grease trap disposal and cleaning services in a safe and proper manner at the Subject Premises;

   d. failing to have and utilize a proper receptacle for materials and debris;

   e. failing to move and locate items in a safe and appropriate location within the Subject Premises;

   f. failing to act properly regarding the care, control, and discard of materials and debris that it knew or should have known created an unreasonable risk of fire;

   g. failing to establish and enforce proper fire safety measures at the Subject Premises during the waste disposal and cleaning;

   h. failing to remove from the Subject Premises materials and debris that were a fire hazard;

   i. failing to properly train, supervise, and oversee its agents, servants, employees, and workmen regarding the proper means and methods related to fire hazards;

   j. failing to assess the risks and/or analyze the hazards of leaving materials and debris in proximity to a heat source inside the Subject Premises;

   k. failing to hire agents, servants, employees, and workmen that were appropriately educated, trained, and skilled with respect to fire safety during their work at the Subject Premises;

   l. failing to train its agents, servants, employees, and workmen with respect to fire safety during their work at the Subject Premises;

   m. failing to follow the codes, standards, and practices for safe waste disposal and cleaning services at the Subject Premises; and

n. failing to keep materials subject to ignition off of the stovetop and kitchen cooking equipment at the Subject Premises.

32. Each of the above referenced acts or omissions, separately or in combination with others, constitutes negligence on the part of Defendant McGovern Environmental, and is the direct and proximate cause of the damages, losses, costs, and expenses suffered by Plaintiff ZAIC's Insured and covered by Plaintiff.

33. As a result of the payments made under the policy of insurance, Plaintiff ZAIC is subrogated to the rights and remedies of Plaintiff ZAIC's Insured with respect to the damages, losses, costs, and expenses paid for by Plaintiff ZAIC.

WHEREFORE, Plaintiff ZAIC demands judgment in its favor and against Defendant McGovern Environmental for all damages, losses, costs, and expenses suffered by Plaintiff ZAIC as subrogee of Plaintiff ZAIC's Insured, and all other interests, costs, and relief as the Court may deem proper.

Respectfully submitted,

Dated: April 7, 2026

COZEN O'CONNOR

By: */s/ Erick Kirker*
Erick Kirker (PA ID # 82264)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103-3508
(215) 665-2172
(215) 701-2172 (fax)
ekirker@cozen.com
*Attorney for Plaintiff Zurich American Insurance Company*

8